IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MARCUS JERMAINE JOHNSON**                                **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 4:11CV152-LRA**

**RAY CHARLES JACKSON, ET AL**                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

      Defendant Christopher Epps, Commissioner of the Mississippi Department of Corrections, filed a Motion to Dismiss pursuant to Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure [45]. Marcus Jermaine Johnson [hereinafter "Plaintiff"] has not responded to the motion or otherwise objected to the relief requested. This motion is now before the Court.

**I.  Facts and Procedural History**

      Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff was incarcerated in the custody of the Mississippi Department of Corrections ("MDOC") in the East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi, during the pertinent period.

      Plaintiff contends that prison officials at EMCF used excessive force on him and retaliated against him after he complained. His claim against Defendant Epps is only that Epps responded to the grievance Plaintiff filed through the Administrative Remedy Program ("ARP") in an unsatisfactory manner. Plaintiff admitted at the omnibus hearing

conducted by the Court that Commissioner Epps had no personal involvement in his complaints; Plaintiff was not pleased with the results of the ARP proceedings.

In the Complaint [1-10], paragraph 8, Plaintiff states as follows:

> Defendant Christopher B. Epps after hearing of the complaint after it reached Parchman, MS, he should have made recommendations about (Defendant Sgt. Jackson) in this facility going by MDOC policy to reduce assaults that occur within this facility. Defendant Epps does not enforce the policy of MDOC and letting inmates rights be violated by employees of MDOC/EMCF/GEO. This violates Plaintiff's right to be free from harm, protection from discrimination, free from harassment while working under the 8th Amendment & 14th Amendment of the United States Constitution.

In his prayer for relief, Plaintiff requests that Epps "enforce the special training of the GEO Group Inc. so MDOC inmates [are] not around employees of unexperienced handling of mental[ly]-ill inmates." [1-12].

At the omnibus hearing, when asked to explain his claims against Epps, Plaintiff only stated that he was not pleased with Epps's handling of his ARP— but that Epps was not personally involved in his claims.

## II. Standard of Review

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

### III.  Analysis

When questioned by the Court, Plaintiff replied that his only claim against Defendant Epps is that Epps's response to his grievance in the ARP proceedings was inadequate.  But Plaintiff has no constitutional right to a grievance procedure, and he has no due process liberty interest right to have his grievance resolved to his satisfaction.  *See Geiger v. Jowers,* 404 F.3d 371, 374-75 (5th Cir. 2005).  Even if Epps failed to adequately investigate Plaintiff's grievance, this would still not give rise to a constitutional claim under *Geiger.  See also Dehghani v. Vogelgesang,* 226 F.App'x 404, 406 (5th Cir. 2007) (allegation that warden failed to adequately investigate a grievance did not amount to a constitutional violation).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 28 (1988).  Furthermore, there is no liability under section 1983 under a theory of *respondeat superior*.  *Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978).

Fifth Circuit precedent requires either *personal involvement by an individual Defendant* in the alleged violation, or the *enforcement of some policy or practice resulting in the constitutional deprivation*.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (emphasis added); *Stewart v. Murphy*, 174 F.3d 530, 536-37 (5th Cir. 1999); *Alton v. Texas A & M University,* 168 F.3d 196, 200 (5th Cir. 1999).  Any claims against Epps in his individual capacity must be based on "direct acts or omissions ... not the acts of subordinates."  *Coleman v. Houston Indep. School Dist.,* 113 F.3d 528, 534 (5th Cir. 1997).

Plaintiff claims it was Epps's responsibility in his capacity as Commissioner to monitor EMCF and make certain that it was upholding MDOC policies.  Plaintiff also contends that Epps personally failed to enforce policies of MDOC by his response to the grievance.  Plaintiff points to no policy which Epps enforced that led to his alleged injuries.  Yet a "prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process."  *Myers v. Kelvenhagen*, 97

4

F.3d 91, 94 (5th Cir. 1996). Without more, Plaintiff fails to allege sufficient facts to state a claim against Commissioner Epps.

Because the Fifth Circuit has held that a prisoner has no federally protected liberty interest in having his prison grievances investigated or answered favorably; Epps is not liable for any failure of the ARP process to provide the result Plaintiff may desire. *Geiger*, 404 F.3d at 374.

In this case, Plaintiff's allegations failed to establish that Epps was personally involved in any constitutional violation against him. Supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act; instead, any liability must be based upon active unconstitutional behavior. *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir. 1989). There are no facts asserted that Defendant Epps affirmatively participated in the acts that caused the alleged constitutional deprivation or that he implemented unconstitutional policies that caused Plaintiff's alleged injuries while housed at the EMCF. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

Epps claims Eleventh Amendment immunity for any official capacity claim against him. For the reasons set forth in the motion and memorandum, the Court agrees and finds any such claim barred. The Court also agrees that Commissioner Epps is personally immune from suit under these circumstances, having qualified immunity from Plaintiff's claims. However, because Plaintiff simply has failed to state a constitutional claim

5

against Epps, no cause of action has been stated, and a detailed analysis of the immunity involved in this case is unnecessary.

## IV.  Conclusion

For the foregoing reasons, Defendant Epps's Motion to Dismiss [45] is **granted,** and all claims against Epps in his individual or in his official capacity are hereby dismissed with prejudice.

SO ORDERED AND ADJUDGED, this the 30th day of August 2013.


S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE